**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 15-23019 |
| | ) | |
| Eula M. Adams, | ) | Chapter 13 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Date: 4/27/2020 at 10:00 AM |

**NOTICE OF MOTION**

To: Service List

PLEASE TAKE NOTICE that on the 27th day of April 2020, at 10:00 a.m., I shall appear before the Honorable Jacqueline P. Cox, in Courtroom 680 at the United States Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois, and shall there and then present the attached Motion for Hardship Discharge, at which time you may appear and be heard.

O'KEEFE, RIVERA & BERK, LLC

By: /s/ Peter L. Berk

Peter L. Berk, Esq. #6274567
Helena Milman, Esq. # 6294473
O'KEEFE, RIVERA & BERK, LLC
55 W Wacker Drive, Ste 1400
Chicago IL 60601
312/758-1121

**PROOF OF SERVICE**

I, Peter L. Berk, an attorney, certify that a copy of this Notice and the document to which it refers were sent (as indicated above) via electronic transmission to the parties' registered address or via U.S. Mail, postage prepaid, by depositing a copy of same in the U.S. Mail Box at 55 W Wacker Drive, Chicago, Illinois 60601, on the 6th of April, 2020

/s/ Peter L. Berk

## SERVICE LIST

**Via CM/ECF**
Chapter 13 Trustee, Tom Vaughn

**Via U.S. Mail**
Eula Adams
6700 S Oglesby, Apt. 608
Chicago IL 60649

United Student Aid Funds, Inc (USAF)
PO Box 8961
Madison WI 53708-8961

Internal Revenue Service
Bankruptcy Notice Address
PO Box 7346
Philadelphia, PA 19101-7346

City Of Chicago Department of Revenue
c/o Arnold Scott Harris P.C.
111 W Jackson Blvd Ste 600
Chicago, IL 60604

llinois Student Assistance Commiss
Isac/Attn: Bankruptcy Department
1755 Lake Cook Road
Deerfield, IL 60015

Americredit Financial Services, Inc.
PO Box 183853
Arlington TX 76096

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

ECMC
PO Box 16408
St. Paul, MN 55116-0408

U.S. Department of Education
C/O FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 15-23019 |
| | ) | |
| Eula M. Adams, | ) | Chapter 13 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Date: 4/27/2020 at 10:00 AM |

**MOTION TO FOR HARDSHIP DISCHARGE**

NOW COMES Eula M. Adams, ("Debtor"), by and through her attorneys at O'Keefe, Rivera & Berk, LLC, and in support of her Motion for Hardship Discharge per 11 U.S.C. § 1328(b) states as follows:

1. Debtor filed her Chapter 13 case on

2. Debtor's confirmed Chapter 13 Plan calls for 60 payments of $335.00 and 1% dividend to unsecured creditors.

3. On or about February 21, 2020 Trustee brought his Motion to Dismiss for failure to make plan payments,

4. Since the filing of her case, Debtor's circumstances have changed as follows:

    a) Debtor had to retire due to being diagnosed with COPD and congestive heart failure, thus her income has been reduced to $2,768.00 per month, with her rent expense increasing (see Exhibit A – amended I and J).  Debtor has no disposable income to pay into the Plan.

    b) Debtor has obtained a disability discharge of her student loans.

5. Debtor has already paid $17,355.76 into her plan.  Her secured and priority claims have been paid in full.

6. Debtor now prays the Court grant her motion for hardship discharge.

7. 11 U.S.C. § 1328(b) allows the Debtor to obtain a hardship discharge if the Debtor meets the following 3 conditions:

    i. Debtor's failure to complete payments is due to circumstances for which the debtor should not justly be held accountable.

    ii. The value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and

    iii. Modification of the plan under section 1329 is not practicable

8. Debtor is unable to complete her payments, since she was forced to retire due to severe health problems, and her income is insufficient to maintain Plan payments.

9. As of the effective date of the plan, Debtor's liquidation value of her non-exempt assets was 0%. (See Debtor's Schedules B and C, attached as Exhibit B)

10. Debtor is unable to modify her Plan, since her income is barely enough to pay her living expenses. (See Exhibit A)

11. Further, Debtor's total filed unsecured claims are $68,770. The unsecured creditors have already received $2,492.76, more than the 1% they were to receive under the confirmed Chapter 13 Plan. (See Exhibit C – Trustee list of creditor distributions)

12. Therefore, based on the foregoing, Debtor prays this Court grants her request for hardship discharge

WHEREFORE, Debtor prays that this Court waive her default, enter discharge under 11 U.S.C. § 1328(b), and order such other and further relief as is just and necessary.

Respectfully Submitted,

                                                                EULA M. ADAMS

                                                                By: /s/ Peter L. Berk

Douglas Rivera, Esq. #6211856
Peter L. Berk, Esq. #6274567
Helena Milman, Esq. # 6294473
O'KEEFE, RIVERA & BERK, LLC
55 W Wacker Drive, Ste 1400
Chicago IL 60601
312/758-1121